```
STATE OF INDIANA      )          IN THE PORTER SUPERIOR COURT
                      ) SS:
COUNTY OF PORTER      )

WAYNE W. WIERZBICKI           )
AND CHARMAINE L. WIERZBICKI   )
                              )
        Plaintiffs,           )   Cause No.: 64D02-2105-CT-004677
                              )
v.                            )
                              )
AMERICAN FAMILY MUTUAL        )
INSURANCE COMPANY S.I.        )
        Defendant             )
```

## FIRST AMENDED COMPLAINT

COME NOW Plaintiff's Wayne and Charmaine Wierzbicki, ("Plaintiffs"), by counsel, Ashford Law Group, P.C., and for their claims against American Family Mutual Insurance Company S.I. ("American Family") and states as follows:

### The Parties

1) At all times relevant herein, the Plaintiffs have been an individual residing in Porter County, Indiana.

2) At all times relevant hereto, Plaintiffs have owned certain real estate and improvements located at 6837 Mercedes Portage, Indiana, 46386 (the "Residence").

3) At all times relevant hereto, American Family is and has been an insurance company, doing business and selling policies of homeowners' insurance in the state of Indiana.

4) At all times relevant hereto, American Family has been licensed by the Indiana Department of Insurance to issue homeowners' insurance policies to Indiana residents.

### The Policy

5) At all times relevant hereto, American Family issued Homeowners Insurance Policy, Policy Number 13PG720801 to Plaintiffs (the "Policy"), which specifically covered the

Residence. [A purported certified copy of the Policy is attached hereto and incorporated herein as Exhibit "A".]

6) The relevant term of coverage with respect to this lawsuit is October 22nd, 2019 through October 22nd, 2020.

7) The Policy provides coverage for loss to the Dwelling (Residence).

8) Plaintiffs paid all Policy premiums that became due during the Term.

9) Plaintiffs paid additional premiums for replacement cost coverage for their dwelling.

10) The Policy remained in force throughout the duration of the Term, and thereafter has been renewed for an additional one-year term.

**The Claims**

11) On or about April 7th, 2020, a storm damaged Plaintiffs' residence and siding (the "Loss").

12) Shortly after, Plaintiffs contacted American Family to make a claim for the Loss.

13) American Family received timely notice of storm damage claim, and further assigned it Claim Number 01-002-572542 (the "Claim").

14) American Family accepted coverage for the Claim, however, American Family did not provide adequate funds to complete the necessary repairs from the Loss.

15) Plaintiffs hired Joshua Munoz ("Munoz") to assist them with the Claim as their licensed public adjuster. Munoz determined that there was severe damage to Plaintiffs' siding, and that the roof required full replacement.

16) On November 13, 2020, Munoz submitted a detailed estimate, with supporting evidence and documentation to American Family, proving the amount of loss to be $33,489.42.

17) However, American Family refused to provide Plaintiffs with sufficient funds to

properly repair and/or replace their damaged property.

18) The Policy included appraisal as American Family's chosen means of resolving disputes over the amount of a loss.

19) On December 3, 2020, Plaintiffs demanded an appraisal under the Policy in order to resolve the dispute between them and American Family, however, American Family has refused to comply with the appraisal process, in breach of its Policy.

20) Plaintiffs have fully complied with all terms and conditions precedent under the Policy pertaining to the provision of coverage and/or the issuance of payment for all losses associated with the Claim.

21) Plaintiffs have not excused American Family's non-performance of its obligations under the Policy.

22) Plaintiffs have satisfied any and all preconditions to coverage, or to filing suit, or the same have been waived by American Family.

23) At all times relevant hereto, American Family has acted by and through its employees and agents in its handling of the American Family's claim.

## COUNT I – BREACH OF CONTRACT

23) Plaintiffs, repeats and re-alleges rhetorical paragraphs 1-23, as if fully reincorporated herein.

24) The Policy is a valid contract ("Contract") between Plaintiffs and American Family.

25) In addition to the provisions in the Policy, amendments and endorsements, the Contract further includes additional provisions required by law, as well as an obligation by American Family to exercise a covenant of good faith and fair dealing toward Plaintiffs.

26) American Family has breached its Contract with Plaintiffs in one or more of the

following ways:

    a)    Misrepresenting the terms and conditions of coverage;

    b)    Failing and refusing to pay for the replacement cost for Plaintiffs' damaged property;

    c)    Misrepresenting American Family's policies regarding payment of coverages;

    d)    Failing and refusing to pay the full cost to replace Plaintiffs' damaged property, without legal excuse or justification;

    e)    Failing and refusing to pay Plaintiffs pursuant to the replacement cost coverage for which Plaintiffs paid additional premiums and costs;

    f)    Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

    g)    Failing and/or refusing to properly inspect and/or investigate the loss;

    h)    Failing and refusing to comply with its own dispute resolution process, appraisal; and

    i)    Failing to exercise good faith and fair dealing in its handling of Plaintiffs' Claim.

27)    As a direct and proximate result of American Family's breach of contract and/or negligence with Plaintiffs, and Plaintiffs have suffered consequential damages, including but not limited to:

    a)    The loss and damage to their property without indemnification provided for in the Policy;

    b)    The loss of use of their property and other insurance benefits;

    c)    The increased cost to repair and/or replace their property insured; and

    d)    Other consequential damages.

WHEREFORE, Plaintiff Wayne and Charmaine Wierzbicki by counsel, respectfully requests judgment in their favor and against defendant American Family Mutual Insurance Company S.I., and further requests the following relief:

    A.    For the payment of all proceeds available and due under the Policy;

    B.    For all reasonable compensatory and consequential damages;

    C.    For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

    D.    For all other just and proper relief in the premises.

Respectfully submitted,

ASHFORD LAW GROUP, P.C.

BY: C. ANTHONY ASHFORD, 19253-02

/s/ C. Anthony Ashford
Attorney for Plaintiff
332 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
tony@nwilawfirm.com


BY: Matthew Lawson, 35459-49

/s/ Matthew Lawson
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (832) 859-0976
attorneymattlawson@gmail.com

## COUNT II – BAD FAITH/BREACH OF COVENANT OF GOOD FAITH

1-27. Plaintiff repeats and re-alleges rhetorical paragraphs 1-27, as if fully reincorporated herein.

28) In addition to breaching its Contract with Plaintiffs, American Family further breached its covenant of good faith and fair dealing with Plaintiffs in one or more of the following manners:

  a) By making an unfounded refusal to pay policy proceeds to Plaintiffs;

  b) By causing an unfounded delay in making payment to Plaintiffs damaged property;

  c) By misrepresenting pertinent facts and insurance policy provisions relating to the claims and coverages at issue;

  d) By attempting to exercise any unfair advantage to pressure Plaintiffs into a settlement of their claim; and

  e) By compelling Plaintiffs to institute litigation to protect policy benefits due under the policy, by intentionally and improperly delaying a decision.

29) American Family actions were made in bad faith and/or a breach of the covenant of good faith and fair dealing to Plaintiffs and has resulted in additional injury and damage to Plaintiffs, including but not limited to consequential damages and emotional distress.

WHEREFORE, Plaintiffs Wayne and Charmaine Wierzbicki by counsel, respectfully requests judgment in their favor and against defendant American Family Mutual Insurance Company S.I., and further requests the following relief:

  A. For all reasonable compensatory and consequential damages at law;

B. For all recoverable punitive damages at law;

C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

D. For all other just and proper relief in the premises.

Respectfully submitted,

ASHFORD LAW GROUP, P.C.

BY: C. ANTHONY ASHFORD, 19253-02

/s/ C. Anthony Ashford
Attorney for Plaintiff
332 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
tony@nwilawfirm.com

BY: Matthew Lawson, 35459-49

/s/ Matthew Lawson
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (832) 859-0976
attorneymattlawson@gmail.com

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-29. Plaintiff repeats and re-alleges rhetorical paragraphs 1-29, as if fully reincorporated herein.

30) In addition to breaching its Contract with Plaintiffs, and otherwise engaging in bad faith, American Family, by and through its employees and agents, engaged in extreme and outrageous conduct that intentionally and/or recklessly caused severe emotional distress to

Plaintiffs.

WHEREFORE, Plaintiffs Wayne and Charmaine Wierzbicki by counsel, respectfully requests judgment in their favor and against defendant American Family Mutual Insurance Company S.I., and further requests the following relief:

- A. For all reasonable compensatory and consequential damages at law;
- B. For all recoverable punitive damages at law;
- C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and
- D. For all other just and proper relief in the premises.

Respectfully submitted,

ASHFORD LAW GROUP, P.C.

BY: C. ANTHONY ASHFORD, 19253-02

/s/ C. Anthony Ashford
Attorney for Plaintiff
332 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
tony@nwilawfirm.com

BY: Matthew Lawson, 35459-49

/s/ Matthew Lawson
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (832) 859-0976
attorneymattlawson@gmail.com

## JURY DEMAND

**PLAINTIFF, BY COUNSEL, HEREBY DEMAND TRIAL BY JURY.**

Respectfully submitted,

ASHFORD LAW GROUP, P.C.

BY: C. ANTHONY ASHFORD, 19253-02

*/s/ C. Anthony Ashford*
Attorney for Plaintiff
332 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
tony@nwilawfirm.com

BY: Matthew Lawson, 35459-49

*/s/ Matthew Lawson*
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (832) 859-0976
attorneymattlawson@gmail.com

## CERTIFICATE OF FILING

*I certify that on the 14th day of June 2021, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).*

BY: */s/ C. Anthony Ashford*